IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                              Case No. 13-40089-JAR

OSCAR VALENZUELA,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court upon consideration of Defendant Oscar Valenzuela's *pro se* Motion to Modify Sentencing (Doc. 36), seeking a two-level reduction under the Fair Sentencing Act and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2). For the reasons discussed below, the Court dismisses Defendant's motion for lack of jurisdiction.

On November 4, 2013, Defendant entered into a Fed. R. Crim P. 11(c)(1)(C) plea agreement, in which he plead guilty to one count of possession with the intent to distribute and dispense less than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[1] The Presentence Investigation Report ("PSR") calculated his total offense level at 31, a criminal history category of III, with a resulting Guideline range of 135 to 168 months.[2] Defendant was sentenced to a term of 78 months' imprisonment, per the parties' recommendation in the plea agreement.[3]

---

[1] Doc. 26.
[2] Doc. 28 at 13, ¶ 65.
[3] Doc. 30.

Defendant sought a sentencing reduction pursuant to Amendment 782 and § 3582(c)(2) in August 2015.[4]  This Court followed the Tenth Circuit decision in *United States v. Graham*, where the court held that when a plea agreement "does not use or employ a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment."[5]  Specifically, the Court denied Defendant's motion because he was sentenced to 78 months' imprisonment, outside the advisory Guideline range, in accordance with the Rule 11(c)(1)(C) plea agreement and is therefore ineligible for further relief pursuant to Amendment 782.[6]

In his second motion filed pursuant to § 3582(c)(2), Defendant again urges that he is entitled to a sentence reduction under the Fair Sentencing Act and Amendment 782.  Defendant relies on *United States v. Davis*, in which the Ninth Circuit held that a defendant who enters a Rule 11(c)(1)(C) plea agreement would ordinarily benefit from a retroactive change to the Sentencing Guidelines.[7]  The court reached this result by concluding it was not bound by Justice Sotomayor's concurring opinion in *Freeman v. United States*.[8]

Defendant's reliance on *Davis* is misplaced.  The Tenth Circuit held in *Graham* that it was indeed bound by Justice Sotomayor's concurrence in *Freeman*.[9]  As this Court previously held, because Defendant's plea agreement did not use or employ a Guideline range, he is not entitled to the benefit of the amendment.  *Davis* does not change that result, as this Court must

---

[4] Doc. 34.

[5] 704 F.3d 1275, 1277–79 (10th Cir. 2013) (internal quotation marks and citation omitted).

[6] Doc. 35.

[7] 825 F.3d 1014, 1027–28 (9th Cir. 2016).

[8] *Id.* (citing *Freeman v. United States*, 564 U.S. 522, 534 (2011)).

[9] *Graham*, 704 F.3d at 1277–79.

follow Tenth Circuit precedent.[10]  Accordingly, this Court does not have the authority to reduce Defendant's sentence as requested, and his motion must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Oscar Valenzuela's Motion to Modify Sentence (Doc. 36) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: March 8, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10]*See United States v. Coates*, 688 F. App'x 578, 580 (10th Cir. 2017) (declining to follow *Davis* where defendant entered into a Rule 11(c)(1)(C) plea agreement, following *Graham*).